```
               UNITED STATES BANKRUPTCY COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

In re                         )
                              )
GINGER L. CHOUINARD, et ux.,  )   Case No. 8:06-bk-00543-KRM
                              )   Chapter 7
              Debtors.        )
_____)
```

## MEMORANDUM OPINION AND ORDER
## ON THE OBJECTION TO THE DEBTORS'
## HOMESTEAD EXEMPTION FILED BY THE CHAPTER 7 TRUSTEE

This case came on for hearing on competing Motions for Summary Judgment on the Trustee's Objection to the Debtors' Homestead Exemption, filed by the Chapter 7 trustee and the debtors (Document Nos. 36 and 37). In addition to the reasons stated on the record and recorded in open court on October 25, 2006, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The facts are not disputed. In May 2003, the debtors purchased their homestead for $251,000, using 100% financing. This was the only real estate the debtors have ever owned. Less than 1,215 days later, on February 16, 2006, the debtors filed a voluntary petition for relief under Chapter 7 to discharge approximately $172,313 in unsecured debts.

In their bankruptcy schedules, the debtors list the fair market value of their home as $490,000 – reflecting estimated appreciation of $239,000. Their home is now encumbered by two mortgages totaling approximately $308,619.54.[1] On that basis, the debtors' equity in their homestead would be approximately $181,380.

The debtors claimed the property as exempt (up to the value of $181,380) pursuant to the Florida homestead exemption.[2] The trustee objected, arguing that the debtors are limited by 11 U.S.C. Section 522(p) to a maximum homestead exemption of $125,000. The debtors insist that they are each entitled to the homestead exemption, thereby making the Section 522(p) cap, in this joint case, $250,000.

CONCLUSIONS OF LAW

The Court finds it unnecessary to determine whether the debtors are entitled to exempt the homestead up to $125,000 each. The Court finds compelling, and hereby follows, the holding in In re Rasmussen, 349 B.R. 747 (Bankr. M.D. Fla. 2006), that the equity passively resulting from

---

[1] Wells Fargo holds a first mortgage of $243,619.54. Navy Federal Credit Union holds a second mortgage of approximately $65,000. The record does not establish when the second mortgage was acquired.

[2] Fla. Const. Art. X, §4(a)(1) (2006).

2

market appreciation is not to be counted against the $125,000 cap of Section 522(p). Passive market appreciation is not an interest that a debtor "acquires" during the 1,215-day period. *Id.* at 757. *See also, In re Sainlar*, 344 B.R. 669, 674 (Bankr. M.D. Fla. 2006)(concluding that Section 522(p) does not apply to increased equity from market appreciation during the 1,215-day period).

In the present case, the debtors used 100% financing to purchase their home. Thereafter, they made monthly mortgage payments. It is not asserted, and there is nothing in the record to indicate, that the debtors actively increased their equity by anything other than the scheduled amortization payments. These principal reductions presumably increased the debtors' equity, but only nominally and nowhere near $125,000. The balance of the increased equity was from market appreciation and therefore not within the purview of Section 522(p).

Accordingly, the Court does not have to reach the issue of "exemption stacking." Nevertheless, the Court notes that it finds persuasive the additional holding in *Rasmussen*, that each debtor, in a joint case involving a "1,215 homestead," is eligible to assert a homestead exemption up to the $125,000 cap, for a total exemption of up to $250,000. 349 B.R. at 755 (Bankr. M.D. Fla. 2006)(allowing each debtor

3

to claim a $125,000 homestead exemption because Florida has an unlimited homestead exemption and Section 522(m) makes the limitations imposed by Section 522(p) applicable to each debtor).

## CONCLUSION

Because the trustee's objection to the debtors' homestead exemption is premised only on the increase in equity from market appreciation during the 1,215-day period, the trustee's objection to the debtors' homestead exemption will be overruled and the debtors' motion for summary judgment will be granted. Accordingly, it is hereby

ORDERED:

1. The Motion for Summary Judgment filed by the debtors (Document No. 37) is granted.

2. The Motion for Summary Judgment filed by the Chapter 7 trustee (Document No. 36) is denied.

3. The Objection to Debtors' Homestead Exemption (Document No. 11), filed by the Chapter 7 trustee, is overruled.

DONE and ORDERED in Tampa, Florida, *Dec. 20*, 2006.

_____
K. RODNEY MAY
United States Bankruptcy Judge

4

Copies Furnished To:

Ginger Chouinard and Michael Chouinard, 16412 Blue Whetstone Lane, Odessa, Florida 33556

Malka Isaak, Attorney for Debtors, 306 East Tyler Street, Suite 300, Tampa, Florida 33602

Angela Welch Esposito, Trustee, Post Office Box 549, Odessa, Florida, 33556-0549

David McEwen, Attorney for Trustee, 560 First Avenue North, St. Petersburg, Florida 33701-3702

United States Trustee, Timberlake Annex, Suite 1200, 501 East Polk Street, Tampa, Florida 33602